# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. CR05-4123-MWB |
| vs. | | **DETENTION ORDER** |
| PEARL ELIZABETH ANN FREEMONT, | | |
| Defendant. | | |

_____

This matter came on for detention hearing on November 29, 2005. Assistant U.S. Attorney Shawn Wehde appeared on behalf of the plaintiff (the "Government"). The defendant Pearl Elizabeth Ann Freemont appeared in person with her attorney, Patrick Parry. The Government offered the testimony of Tri-State Drug Task Force Officer Brad Downing.

The court must determine whether any condition or combination of conditions will reasonably assure Freemont's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Freemont as required and the safety of the community

if the court finds there is probable cause to believe Freemont committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Freemont. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the evidence indicates Freemont has had almost continuous involvement with law enforcement for the last twenty years, including multiple violations of probation and parole, failures to appear, and weapons charges. In the present case, Freemont is facing a significant mandatory minimum prison sentence if she is convicted. The Government offered evidence that numerous cooperating witnesses have related dozens of incidents of Freemont's involvement in selling crack cocaine. In addition, Freemont has failed to offer any evidence to rebut the presumption that she is a flight risk or a danger to the community. Viewing the record as a whole, the court finds nothing to indicate Freemont would be able to refrain from continuing to engage in criminal activities if she were released, or that her appearance in court as required would be assured.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Freemont is a flight risk, and has proved by clear and convincing evidence

that Freemont would be a danger to the community if released.  Therefore, the court finds the following:

1. Freemont is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Freemont reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Freemont to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order.  Therefore, Freemont must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 29th day of November, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT